UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JASON and JULIE WINGFIELD

    Plaintiffs,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.; et al.,

    Defendants.

3:11-cv-0864-LRH-WGC (lead case)
3:11-cv-0879-LRH-WGC (member case)

ORDER

Before the court is defendant Quality Loan Service Corporation's ("QLS") motion to dismiss (Doc. #5[1]) to which defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Federal National Mortgage Association ("Fannie Mae") joined (Doc. #14). Plaintiffs Jason and Julie Wingfield ("the Wingfields") filed an opposition (Doc. #7) to which QLS replied (Doc. #10).

Also before the court are defendants MERS and Fannie Mae's motion to dismiss (Doc. #4) and motion to expunge lis pendens (Doc. #6) in case no 3:11-cv-0879-LRH-WGC.[2]

///

///

---

[1] Refers to the court's docket entry number.

[2] The present actions, 3:11-cv-0864-LRH-WGC and 3:11-cv-0879-LRH-WGC, were consolidated because they arise from the same operative complaint, but were assigned separate case numbers due to separate petitions for removal from state court filed by the separate defendants. *See* Doc. #13, case no. 3:11-cv-0864-LRH-WGC; Doc. #15, case no. 3:11-cv-0879-LRH-WGC.

### I.     Facts and Procedural History

In August 2007, the Wingfields purchased real property through a mortgage note and deed of trust originated by non-party JP Morgan Chase ("Chase"). Eventually, the Wingfields defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

Subsequently, the Wingfields filed a complaint against defendants alleging two causes of action: (1) unlawful foreclosure - violation of AB 284; and (2) unlawful foreclosure - loan modification. Doc. #1, Exhibit A. Thereafter, QLS filed the present motion to dismiss. Doc. #5.

### II.    Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

2

1  relief." *Id.* at 1949 (internal quotation marks and citation omitted).

2  In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

3  true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of

4  the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret*

5  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

6  (internal quotation marks omitted). The court discounts these allegations because "they do nothing

7  more than state a legal conclusion—even if that conclusion is cast in the form of a factual

8  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to

9  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be

10 plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

11 **III.   Discussion**

12     **1.   AB 284**

13 In their complaint, the Wingfields allege that defendants did not comply with the recent

14 amendments to Nevada's recording statute, AB 284. *See* Doc. #1, Exhibit A.

15 The court has reviewed the documents and pleadings on file in this matter and finds that the

16 Wingfields fail to state a claim for relief for a violation of AB 284. The recent amendments to

17 Nevada's recording statute, AB 284, which requires all assignments of the deed of trust to be

18 recorded, only applies to assignments and foreclosures occurring on or after October 1, 2011. Here,

19 it is undisputed that the underlying foreclosure, along with the filing of the notice of default and all

20 assignments, commenced in, or prior to, June, 2011. Thus, AB 284 does not apply to the underlying

21 foreclosure.

22     **2.   Loan Modification**

23 In their complaint, the Wingfields also alleges that defendants are precluded from pursuing

24 the underlying non-judicial foreclosure because the parties are engaged in a loan modification. *See*

25 Doc. #1, Exhibit A. However, there is no contract language requiring defendants to enter into a loan

26

3

modification with her. Further, the Wingfields have not alleged that defendants represented that the pending foreclosure would be postponed while they filled out their loan modification application or while it was being considered by defendants. Finally, the Wingfields have failed to establish the existence of any loan modification or alleged any language in the loan modification that prevented defendants from initiating the non-judicial foreclosure. As such, defendants were under no obligation to stop the underlying non-judicial foreclosure proceedings. Accordingly, the court shall grant defendants' motions to dismiss.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #5) in case no. 3:11-cv-0864-LRH-WGC is GRANTED. Plaintiff's complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. #4) and motion to expunge lis pendens (Doc. #6) in case no. 3:11-cv-0879-LRH-WGC are GRANTED. Plaintiffs' complaint (Doc. #1, Exhibit A) is DISMISSED in its entirety. Further, defendants Mortgage Electronic Registration Systems, Inc. and Federal National Mortgage Association shall have ten (10) days from entry of this order to prepare an appropriate order expunging the lis pendens and submit the same for signature.

IT IS SO ORDERED.

DATED this 21st day of May, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE